UNITED STATES of America,
Plaintiff–Appellee

v.

**Manuel Alberto Carillo MORENO, also known as Manuel Carrillo,
Defendant–Appellant.**

No. 09–51027
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 4, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

---

M. Carolyn Fuentes, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Manuel Alberto Carillo Moreno (Carillo) appeals following his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b). The district court imposed forty-six months of imprisonment and three years of supervised release. He argues the sentence was greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).

Carillo has not shown that the forty-six-month term of imprisonment imposed by the district court was unreasonable. Because the sentence was within the properly calculated guidelines range of forty-six to fifty-seven months of imprisonment, it is entitled to a presumption of reasonableness. *United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008). The record demonstrates that the district court properly made an individualized assessment to determine whether a sentence within the guidelines range was sufficient but not greater than necessary to achieve the goals of Section 3553(a). *See Rita v. United States,* 551 U.S. 338, 347–48, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Carillo has thus failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See Campos–Maldonado,* 531 F.3d at 338.

Carillo raises two additional arguments, which he acknowledges are foreclosed by our precedent, to preserve for further review. He argues that, in light of *Kimbrough v. United States,* the presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry Guideline, U.S.S.G. § 2L1.2, lacks an empirical basis. 552 U.S. 85, 109–10, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). We have consistently rejected Carillo's argument, concluding that *Kimbrough* does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte,* 569 F.3d 528, 530–31 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). Carillo also argues the Guidelines produce unwarranted sentencing disparities between defendants who can participate in a fast-track program and defendants who cannot. We have held that "any sentencing disparity resulting from fast track disposition is not unwarranted." *United States v. Gomez–Herrera,* 523 F.3d 554, 563 (5th Cir.2008).

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.